## THE PRISCILLA.

### (District Court, E. D. New York.   May 22, 1914.)

MARITIME LIENS (§ 67*)—SUIT TO ENFORCE—PROCEDURE—SETTING ASIDE DEFAULT.

> The failure of a lien claimant through inadvertence to file a pleading before the entry of a decree foreclosing other liens and ordering the sale of a vessel is not such laches as should defeat his right to come in afterward and contest any claim previously allowed, or its priority of payment from the proceeds of the vessel, on suitable terms as to costs.

> [Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. § 105; Dec. Dig. § 67.*]

In Admiralty.   Suit by the Tebo Yacht Basin Company against the steam yacht Priscilla.   On motion by S. Appel & Co. to open default. Motion granted.

Alexander & Ash and Peter Alexander, all of New York City, for libelant.

John A. Anderson, of New York City, for petitioner.

George L. Robinson, of New York City, for George M. Auten & Co.

Henry W. Baird, of New York City, for owner.

CHATFIELD, District Judge.   The libelant, the Tebo Yacht Basin Company, brought an action for materials and services rendered to the yacht Priscilla, and after final decree sale was had, resulting in a sum which proved to be insufficient to pay all claims.   One of the claimants, S. Appel & Co., who filed a libel for supplies after the entry of final decree, but before the sale, has sought to oppose the claims of those whose libels were filed prior to the final decree, and to contest the validity of the alleged lien as to which proof was being offered in order to determine its validity and right to payment in competition with the lien upon which the libel was based under which the vessel was sold. Upon objection to the right of these subsequent libelants to contest the validity of the claims of those libelants who filed their libels prior to the final decree and the sale, a motion has been made for leave to open the default of those parties and to allow them to file an answer, a copy of which accompanied the motion papers, and in which they set up various defenses to the validity of the libels of the parties who seek to maintain their own claims under the decree shutting off every one whose claim had not been previously filed.

This motion will in no wise affect the sale.   The yacht having been sold after final decree, all parties were bound by knowledge that the price obtained would be the only fund from which any claim chargeable against the yacht could be paid.   All lienors who have the standing of libelants should have the right to protect their own claims by contesting those which are either invalid or which should be postponed in payment.   The mere failure to interpose a pleading prior to the beginning of the reference, through inadvertence, is not such laches as should defeat the party, and no one has been injured by the intervening delay, except in so far as the expense of taking testimony is concerned.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The motion to open the default will be granted, and the answer may be filed, upon payment by the petitioning libelant of the expenses of the reference on the part of the libelant Tebo Yacht Basin Company, amounting to $21.20, as taxed, for the items accruing subsequent to the time when the petitioning libelant should have realized the fact that it was in default.